```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAHEEM K CARTER,

                        Plaintiff,

        -against-                                    COMPLAINT
                                                     AND DEMAND
COUNTY OF NASSAU, NASSAU COUNTY POLICE               FOR JURY TRIAL
DEPARTMENT, ROBERT J. CROCE and NASSAU
COUNTY POLICE DEPARTMENT OFFICERS "JOHN              Index No.
DOES" 1-10, in their official and individual capacities,

                        Defendants.
------------------------------------------------------------------X
```

Plaintiff KAHEEM K CARTER, by and through his attorney, Mohammed Gangat, Esq., as and for his Complaint against defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, ROBERT J. CROCE, and NASSAU COUNTY POLICE DEPARTMENT OFFICERS "JOHN DOES" 1-10 (collectively, "Defendants"), in their official and individual capacities, alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff Kaheem K Carter ("Plaintiff") seeks relief for the violation of his rights under 42 U.S.C. §§ 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2.  Plaintiff's claims arise from an incident that occurred on April 17, 2018, in which the County of Nassau, the Nassau County Police Department, and the individual Defendants, acting under color of state law, violated Plaintiff's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution

3.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## DEMAND FOR JURY TRIAL

7. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

8. At all times hereinafter mentioned, plaintiff Kaheem K. Carter, was an adult male and resided in Nassau County in the State of New York.

9. At all times hereinafter mentioned, Defendant County of Nassau ("County"), was a duly constituted municipal corporation organized under the laws of the State of New York.

10. At all times hereinafter mentioned, Defendant Nassau Police Department ("Nassau PD"), was and is an agency of the County.

11. At all times relevant hereto, Defendant County, acting through Defendant Nassau PD, was responsible for the policy, practice, custom, supervision, implementation, and conduct of all Nassau PD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all Nassau PD personnel. In addition, at all relevant times, Defendant County was responsible for enforcing the rules of Defendant Nassau PD and for ensuring that Nassau PD personnel obey the laws of the United States and the State of New York.

12. At all times relevant hereto, defendants Robert J. Croce and Nassau County Police

Department Officers "John Does" 1-10 (together the "Individual Defendants" or the "NCPD Officers"), all of whose names are known to the County and Nassau PD, were police officers in the County, and as such were acting under color of state law and in their capacities as agents, servants and employees of the County acting under the direction of the County and Nassau PD.

13. The Individual Defendants are sued in their individual and official capacities.

## RELEVANT FACTS

14. On April 17, 2018, at and about 5 pm, Plaintiff was in Hempstead, New York driving to pick up his cousin, first name Donielle, at her friend's house. Donielle was pregnant at the time. Accompanying Plaintiff was another one of his cousins, first name Rayvon. The two were driving in a white BMW registered to Plaintiff's grandmother.

15. When Plaintiff arrived at the location he was to pick up Donielle, there was an ongoing dispute between Donielle and what appeared to be neighbors of the residence where Donielle was at. These individuals were later identified to Plaintiff as Larry McCloud and Akleba McCloud.

16. Plaintiff picked up Donielle and proceeded to drive away.

17. Plaintiff did not have a gun on him or in his possession at any point in time during these events, and neither did either of his cousins.

18. As Plaintiff and his cousins drove away, the McClouds began to follow Plaintiff in their own car and continued to follow Plaintiff's car for about 10 minutes (or stated differently, about 1 mile).

19. Plaintiff then drove to a friend's house. Within about 1 hour, police arrived at the house, and after asking Plaintiff a few questions informed Plaintiff they were seizing and impounding the white BMW. The police then did seize and impound the white BMW.

20. A few hours later police went to Plaintiff's Grandmother's house and seized and

impounded another vehicle, a Honda Civic, also registered to Plaintiff's grandmother.

21. Nassau PD said the cars were involved in a shooting and were needed for evidence collection, including testing and analysis of, *inter alia*, gunpowder residue(s), to confirm the involvement in a shooting.

22. Upon information and belief, no tests were ever conducted involving testing and analysis of gunpowder residue with respect to either of the seized cars.

23. No testing was ever conducted involving testing and analysis for gunpowder residue with respect to the Plaintiff's person and belongings.

24. Plaintiff's grandmother followed up with police every week requesting the return of her cars, but received no response until on or about June 1, 2018, when Nassau PD asked his grandmother to come in to the precinct with Plaintiff, to discuss the situation.

25. When Plaintiff arrived, a detective instructed him to empty his pockets, and place his hands on the desk and told him he was being arrested.

26. Before the arrest Nassau PD defendants illegally detained Plaintiff falsely claiming that they were investigating a shooting involving Plaintiff's vehicle and need to check it for fingerprints and weapons.

27. Without any facts or circumstances resulting in probable cause, the Nassau PD defendants illegally searched and seized vehicles and arrested Plaintiff.

28. No firearm or bullets were ever found in the vehicle and the Plaintiff fully cooperated with the individual defendants.

29. Indeed, Nassau PD possessed no evidence of any kind suggesting the use of a firearm in any way.

30. Despite reasonable opportunity to do so, at no point did any of the individual defendant officers intervene in the unreasonable search and seizure and false arrest of the Plaintiff

or that of his property.

31. At no point did the individual defendants have probable cause to search, seize, and falsely imprison the Plaintiff.

32. At no point did the Plaintiff violate any law, regulation, administrative code, commit any criminal act, or act in a suspicious and unlawful manner prior to or during the above false imprisonment.

33. At no time prior to, during, or after the above incidents were the individual Defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that Plaintiff violated any law or committed any criminal act.

34. Plaintiff was falsely arrested at the precinct under fabricated charges. He was charged with D-Felony, Assault in the Second Degree, Penal Law Section 120.03(2) and an A-Misdemeanor, Menacing in the Second Degree, Penal Law Section 120.14(1).

35. On June 2, 2018, the Plaintiff was arraigned in a proceeding before the Hon. Eileen J. Goggin, J.S.C., Supreme Court of the State of New York – County of Nassau.

36. The accusatory instruments against Plaintiff were signed by Individual Defendant, Sergeant Robert J. Groce.

37. In his accusatory instrument in support of the assault charge, Sgt. Groce wrote that Plaintiff on April 17, 2018, at about 5:30 pm, at 81 Cruikshank Ave, Hempstead, NY violated PL Section 120.05(2) when he "intentionally struck the victim with a firearm in the forehead" which "caus[ed] a laceration and substantial pain to her forehead." Mr. Groce further stated that this accusatory instrument was "based on information and belief, that being the supporting deposition of the victim and a positive photo array identifying the defendant."

38. In his accusatory instrument in support of the menacing charge, Sgt. Groce wrote that Plaintiff on April 17, 2018, at about 5:30 pm, at 81 Cruikshank Ave, Hempstead, NY violated

PL Section 120.14(1) when he "did lift up his shirt and did display what appeared to be a firearm at the victim", then did say "[c]ome on with it", and the "victim believing the object was a handgun" then "fear[ed] for his life and drove away in his vehicle." Mr. Groce further stated that this accusatory instrument was "based on information and belief, the source of said information and the basis for said belief being the interviews and written statements of the complainant and witness, along with a positive photo array identifying the defendant."

39. Nassau PD and Mr. Groce failed to reasonably investigate these accusations and seek corroborating evidence.

40. The accusations were materially false as related to plaintiff and Defendants should have known them to be materially false.

41. While plaintiff was in defendants' custody, one or more of the defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the district attorney.

42. The purpose of transmitting the documentation concerning plaintiff's arrest to the district attorney was to ensure that the district attorney would initiate plaintiff's criminal prosecution.

43. Plaintiff was arraigned and criminally charged based on a materially deficient accusatory instrument, as it failed to speak to any investigation or findings of any crime other than statements from two individuals that had assaulted Plaintiff.

44. At the arraignment, bail was set as follows: $50,000.00 Cash/$100,000.00 Insurance Company Bail Bond, and Plaintiff was committed to the custody of the Nassau County Sheriff, and the Sheriff ordered to present the Plaintiff for his next criminal court appearance on June 5, 2018, before the Hon. Erica L. Prager, in Lower Level Room FP9, for the purpose of Indictment Control.

45. At the arraignment, orders of protection were issued to Plaintiff concerning the two victims, Larry McCloud and Akleba McCloud.

46. At the June 5, 2018, scheduled appearance, the matter was adjourned to June 22, 2018.

47. At the June 5, 2018, scheduled appearance, the matter was adjourned to July 27, 2018.

48. The July 27 conference was moved up to July 26, at the request of Plaintiff's defense attorney, William T. Jaye. On July 26, Plaintiff posted bail and/or was released on his own recognizance.

49. On August 20, 2018, Plaintiff appeared for a criminal court conference. The matter was adjourned to November 2, 2018.

50. On November 2, 2018, the matter was adjourned to January 11, 2019.

51. The January 11, 2019, Court's Calendar Entries noted that the matter was "HELD FOR THE ACTION OF THE GRAND JURY".

52. On June 18, 2019, the charges against Plaintiff were dismissed and the record was sealed. The Court records indicated this was a "GRAND JURY DISMISSAL" and included the notation "NO TRUE BILL".

53. The aforesaid violations of Plaintiff's rights are not an isolated incident. Defendant County is aware from lawsuits, notices of claims, and complaints, that many members of Nassau PD are insufficiently trained, and such improper training has often resulted in a deprivation of civil rights. Despite such notice, Nassau County has failed to take corrective action. This failure caused the Defendants to violate Plaintiff's rights and cause substantial injury.

54. At all times, Defendant County, by the Nassau PD and its agents, servants and/or employees, carelessly, and recklessly trained the individual Defendants for the position of police

officer.

55. At all times Defendant County, by the Nassau PD and its agents, servants and/or employees caused, permitted and allowed the individual Defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

56. At all times Defendant County, by Nassau PD and its agents, servants and/or employees carelessly, and recklessly retained in its employ, the individual Defendants, who were clearly unfit for their position, and acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

57. The Defendants acted under pretense and color of state law and within the scope of their employment. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the County and Nassau PD's interests and without legal justification or excuse.

58. As a direct and proximate result of the Defendants' conduct described above, including the unreasonable search and seizure of property, detainment, false arrest, and the malicious prosecution of the Plaintiff, Plaintiff suffered severe injuries, pain and suffering, loss of enjoyment of life, economic loss, humiliation and embarrassment, legal costs, and more.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Claim of False Arrest Against the Individual Defendants)**

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

60. Plaintiff had not engaged in any criminal conduct on the date in question, nor was

he engaged in any conduct that could reasonably be viewed as criminal. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

61. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

62. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

63. The acts and negligence of the Defendant Officers, committed under color of law and under their authority as Nassau County police officers in their individual and official capacities and/or within the scope of their employment, violated the Plaintiff's rights guaranteed by 42 U.S.C. §1983 the Fourth and Fourteenth Amendments of the United States Constitution.

64. The Defendants' unlawful actions were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to the Plaintiff and were designed to and did cause him emotional harm and distress, mental anguish, fear, economic loss, and pain and suffering.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
**(Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)**

66. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

67. The individual defendants willfully and intentionally conducted a deficient and incomplete investigation, leading to the individual defendants knowingly memorializing false

claims that plaintiff engaged in criminal or unlawful activity, and then forwarded these materially false claims to the district attorney in order to justify their arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of his liberty and to be criminally prosecuted.

68. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

69. By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

70. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish

### THIRD CAUSE OF ACTION
### Monell Claim
### (Against Nassau County and Nassau PD)

71. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72. The aforesaid constitutional violations are not an isolated incident and were proximately caused by one or more policies, practices and/or customs of Defendants County and Nassau PD, including the practice of failing to conduct a reasonable investigation when submitting accusatory instruments on felony charges.

73. Upon information and belief, it was the policy, practice and/or custom of the

Defendants County and Nassau PD to inadequately and improperly investigate complaints of assault.

74. Upon information and belief, it was the policy, practice and/or custom of the Defendants Nassau and Nassau PD to fail to train, supervise and/or discipline police officers so as to prevent them from committing acts of misconduct and abusing their authority.

75. Upon information and belief, it was the policy, practice, and/or custom of the Defendants County and Nassau PD to unlawfully search and seize property as well as innocent persons.

76. Upon information and belief, it was the policy, practice, and/or custom of the Defendants County and Nassau PD to falsely arrest and unreasonably detain innocent members of the public to meet "productivity goals" or "arrest quotas".

77. Upon information and belief, it was the policy, practice, and/or custom of the Defendants County and Nassau PD to manufacture false evidence against innocent persons to justify the abuse of authority in unlawfully stopping and falsely arresting such individuals.

78. Upon information and belief, it was the policy, practice, and/or custom of the Defendants to maliciously prosecute innocent persons.

79. The Defendants County and Nassau PD were aware of the aforesaid unconstitutional policies, practices and customs through the repeated occurrences of similar wrongful conduct documented in civil rights actions filed in the Eastern District of New York as well as in New York State courts. As a result, Defendants County and Nassau PD permitted, tolerated, and were deliberately indifferent to acts of misconduct.

80. Defendants County and Nassau PD, acting under color of state law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

81. As a direct and proximate result thereof, Plaintiff has been injured and claims

damages.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - Malicious Prosecution
### (Against All Defendants)

82. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

83. Defendants' unlawful actions, committed under color of state law, were done willfully, knowingly, with malice and with intent to deprive the Plaintiff of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments.

84. The defendants maliciously commenced criminal proceedings against the Plaintiff knowing that there was not corresponding probable cause and knowing that the underlying facts did not justify any charges.

85. The Plaintiff was wholly innocent of said charges and was unjustly imprisoned for more than two months based on fabricated allegations.

86. Defendants, their agents, servants and/or employees commenced a criminal proceeding against the Plaintiff because of a wrong or improper motive other than the desire to see the ends of justice served.

87. After suffering a great deprivation of liberty, the Plaintiff obtained a favorable termination on the charges.

88. As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

89. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

90. The Defendants acted outrageously for their above-stated constitutional violations

that caused Plaintiff severe and extreme emotional distress.

91. As a consequence of Defendants' illegal actions Plaintiff was deprived of his freedom, subjected to serious harm, fear, personal humiliation, economic loss, and continues to suffer from mental and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(A) compensatory damages in an amount to be determined at trial;

(B) punitive damages in an amount to be determined at trial;

(C) an order awarding Plaintiffs reasonable attorneys' fees and costs under 42. U.S.C. § 1988 and New York common law; and

(D) such other further relief as the Court may deem just and proper.

Dated: New York, New York
November 24, 2020

| | |
|---|---|
| **LAW OFFICE OF ALI NAJMI**<br>Ali Najmi, Esq.,<br>261 Madison Avenue, 12th Floor,<br>New York, NY 10016<br>(212) 401-6222 | **LAW OFFICE OF MOHAMMED GANGAT**<br><br>By: _____<br>Mohammed Gangat, Esq.<br>675 3rd Avenue, Suite 1810<br>New York, NY<br>(718) 669-0714<br>mgangat@gangatllc.com |

*Attorneys for Plaintiff Kaheem K Carter*